1

2                                                            **E-Filed**
                                                           August 25, 2005
3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11   SONISTA, INC.,                                NO. 5:04-cv-4080 RMW (RS)

12          Plaintiff,                             **ORDER GRANTING IN PART
                                                   AND DENYING IN PART
13     v.                                          PLAINTIFF'S MOTION
                                                   TO COMPEL**
14   DAVID HSIEH, ET AL.,

15          Defendants.
                                          /
16

17                               I.  INTRODUCTION

18          Plaintiff Sonista, Inc. ("Sonista") moves to compel defendant Pixa, Inc. ("Pixa") to produce its

19   president and chief executive officer for deposition and to provide documents in response to three

20   discovery requests.[1]  The motion was fully briefed and heard by the Court on August 24, 2005.  Based on

21   all papers filed to date, as well as on the oral argument of counsel, the motion to compel the deposition is

22   granted and the motion for production of documents is granted in part and denied in part on the basis that

23   some of the requested discovery appears relevant to the claims and defenses raised in this action, as

24   explained below.

25                               II.  BACKGROUND

26          Sonista alleges that defendants David Hsieh, Techpac, Inc. ("Techpac"), and Pixa (collectively,

27   _____

28          [1]  Sonista also requested that the Court order Pixa to declassify certain documents under the protective order. Pixa
     agreed, however, to declassify the documents, thereby mooting Sonista's request. See Defendants' Opposition Brief at p. 2.

United States District Court
For the Northern District of California

1  "defendants"), misappropriated its trademark, DVOne, in violation of the Lanham Act.  It seeks to depose

2  David Wu, the president, CEO, and founder of Pixa, the company that Sonista alleges was incorporated by

3  Mr. Wu for the purpose of selling audio and video materials under Sonista's trademark. Although Sonista

4  previously deposed two Fed. R. Civ. Pro. 30(b)(6) witnesses identified by Pixa, it argues that those

5  witnesses were unable to testify as to events which occurred prior to their employment with Pixa, during the

6  time that Sonista avers Pixa was created to sell goods under the DVOne trademark.  Sonista contends that

7  it seeks discoverable information which is possessed exclusively by Mr. Wu as the president, incorporator,

8  CEO, and agent for service of process of Pixa. Sonista also requests that the witness be ordered to appear

9  for deposition in California since Mr. Wu  maintains a home in this state and regularly conducts business

10  here.  In addition, Sonista seeks the production of documents which it argues are responsive to three of its

11  discovery requests and related to the claims and defenses raised in this litigation.

12  Defendants oppose the motion to compel the deposition of Mr. Wu, insofar as the deposition

13  notice requires that he testify in California.  According to defendants, Mr. Wu resides and works in Taiwan

14  and rarely comes to the United States to conduct business.  By way of compromise, however, defendants

15  are willing to stipulate that the deposition may be taken by telephone or video conference in Taiwan,

16  pursuant to Fed. R. Civ. Pro. 30(b)(7).  Defendants also object to the three document requests

17  propounded by Sonista on the basis that the requests are not only irrelevant to the claims and defenses

18  presented in this litigation, but are overly broad and seek materials that are confidential and contain private

19  business information.

20  III.  STANDARDS

21  Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

22  [p]arties may obtain discovery regarding any matter, not privileged, that is
relevant to the claim or defense of any party...For good cause, the court may
23  order discovery of any matter relevant to the subject matter involved in the
action.  Relevant information need not be admissible at the trial if the discovery
24  appears reasonably calculated to lead to the discovery of admissible evidence.

25  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the

26  determination of the action more probable or less probable than it would be without the evidence." Federal

27  Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown "to protect a

28

party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ.

P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV.  DISCUSSION

A.      Deposition of Mr. Wu

Sonista moves to compel the deposition of David Wu on the basis that he possesses unique

knowledge of facts and information which cannot, it contends, be obtained from other witnesses.  Although

Sonista acknowledges that it deposed two prior witnesses designated by Pixa, Mr. Shao and defendant

David Hsieh, it argues that those witnesses were unable to answer various questions concerning matters

directly related to this litigation, such as Pixa's authorization to use Sonista's trademark, Pixa's subsequent

termination of the use of that mark, and the reasons behind the incorporation of Pixa. Since Mr. Wu is the

founder, CEO, and president of Pixa, Sonista avers that his deposition is critical.

While defendants do not dispute that Mr. Wu may have unique or personal knowledge concerning

the incorporation of Pixa and its use of the DVOne trademark, they respond that his deposition should be

limited to those matters.  Moreover, defendants note that Mr. Wu resides and works in Taiwan and,

therefore, request that the deposition occur there.  Mr. Wu has submitted a declaration in which he states

that, despite the fact that he is the CEO of Pixa, he has little to do with the day-to-day activities of the

company and lives and works in Taiwan. He contends that, as a result, it would be a tremendous hardship

for him to be required to travel to the United States for a deposition.

There is no dispute that Mr. Wu possesses relevant information which is discoverable in this action.

Moreover, the discovery rules provide that a person is obligated only to provide that information within his

3

United States District Court

For the Northern District of California

1    custody or control and of which he has personal knowledge.  Fed. R. Civ. Pro. 26.  As a result, the only

2    issue which the Court must resolve is the location at which the Wu deposition shall proceed.  Although he

3    states that he resides and works in Taiwan, Mr. Wu does not dispute that he remains the CEO of Pixa and

4    that he, therefore, presumably travels to the United States to conduct business. He also fails to address

5    Sonista's contentions that he is listed as the agent for service of process on behalf of Pixa[2], that he owns a

6    home in California, and that his wife resides in this state.  For these reasons, the Court finds that it is

7    reasonable to permit Sonsita to depose Mr. Wu in California, as the CEO of a California corporation which

8    he founded.  Accordingly, Mr. Wu is ordered to appear in California for his deposition, at a date and time

9    to be mutually agreed by the parties consistent with the case scheduling order issued by the presiding judge.

10

11   B.      Discovery Requests

12          Sonista also seeks to compel defendants to produce documents regarding their: (1) marketing and

13   distribution plans, including pricing, sales, and customer information (request for production number twenty-

14   eight); (2) corporate documents, including meeting minutes, annual reports, and committee meeting minutes

15   for the last ten years (request for production number thirty-one); and, (3) business plans for Sonista, Pixa,

16   and Techpac from each entities' year of inception to the present (request for production number sixty-six).

17   Defendants object to the production of these documents to the extent that the requests do not relate to the

18   DVOne trademark.  They also contend that some of the requested materials, such as the companies'

19   business plans, marketing strategies, and pricing, sales, and customer information is confidential and

20   unrelated to the claims or defenses presented in this litigation.  In addition, defendants note that the

21   discovery requests are overly broad and burdensome.

22          1.      Requests Twenty-Eight and Thirty-One

23          A review of these two discovery requests reveals that they are not limited to information concerning

24   the use of Sonista's trademark, nor do they contain reasonable time parameters related to the allegedly

25

26          [2]  Although defendants object to the authenticity of Exhibits 9 and 10 presented by Sonista, which appear to be
     documents that were filed with the California Secretary of State, Mr. Wu does not provide any basis to suggest they are not
27   authentic. As a result, defendants' objection based on lack of authenticity is overruled.

28                                                        4

United States District Court

For the Northern District of California

infringing activities. As such, the requests appear to be overbroad. Moreover, the requests do not appear to be related to the claims or defenses raised in this action. For example, although Sonista argues with respect to request number twenty-eight that it is entitled to documents reflecting defendants' pricing and marketing strategies for all products so "that its financial expert can analyze if the infringement resulted in downstream or other commercial benefits to Pixa that rightfully belong to Sonista," it has already received Pixa's financial statements from which this information may be gleaned. More importantly, the request does not seek the production of profit information but, rather, calls for the production of defendants' marketing and pricing strategies, their distribution systems, and sales and competition policies, none of which reflect the net profits realized by defendants which is presumably the information Sonista's expert needs to prepare a damages analysis.

Similarly, request number thirty-one seeks the production of all meeting minutes, despite defendants' response that there are no minutes which reflect discussions concerning Sonista's trademark. See Douglas Stewart Declaration at pp. 2-3, Exhs. 7, 14. Based on defendants' representations, there does not appear to be a relationship between any meeting minutes and the claims and defenses raised in this litigation, nor do any of those documents contain references to Sonista or its trademark. As a result, Sonista's motion to compel a response to request numbers twenty-eight and thirty-one is denied.

       2.     Request Sixty-Six

Discovery request sixty-six, however, which seeks the companies' business plans, appears related to the claims and defenses raised in this action since those plans may reflect defendants' intention to use, or refrain from using, the trademark at issue. One of the central averments in this case is that Pixa may have been formed to use the trademark at issue. Moreover, although the request seeks the plans from the year of inception of each company to the present date, none of the companies have existed for more than ten (10) years, so the request does not appear overbroad, nor does it require a cumbersome production of documents. For these reasons, the motion to compel a response to request number sixty-six is granted.

## V. CONCLUSION

For the reasons stated, Sonista's motion to compel the deposition of David Wu in California is granted. Counsel shall meet and confer and agree upon a mutually convenient date and time for the

5

1   deposition, within the time parameters set forth in the scheduling order issued by the presiding judge.  As

2   discussed at the hearing, however, this order does not preclude counsel from subsequently agreeing that the

3   Wu deposition occur in Taiwan should other depositions be scheduled in that country.  The motion to

4   compel the further production of documents in response to request number sixty-six is granted and the

5   remainder of the motion to compel is denied.  Defendants shall provide all responsive documents to Sonista

6   within twenty (20) days of the date of this order.

7   IT IS SO ORDERED.

8   Dated: August 25, 2005                                   /s/ Richard Seeborg
                                                            RICHARD SEEBORG
9                                                           United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David J. Brezner    brezner.david@dorsey.com,
rodriguez.bertha@dorsey.com;scott.craig@dorsey.com;DocketingDept-SF@dorsey.com;stillwell.judith
@dorsey.com

Peter Ehrlichman    Ehrlichman.Peter@dorsey.com, overlie.lynne@dorsey.com

Diane J. Mason    mason.diane@dorsey.com,
rodriguez.bertha@dorsey.com;scott.craig@dorsey.com;stillwell.judith@dorsey.com;DocketingDept-SF
@dorsey.com

John Franklin McIntyre , Jr    jmcintyre@popelka.com, ssmith@popelka.com

Brian C. Park    park.brian@dorsey.com, smith.lisa@dorsey.com

Jason Rhodes    rhodes.jason@dorsey.com, steele.jennifer@dorsey.com

Douglas F. Stewart    stewart.douglas@dorsey.com, smith.lisa@dorsey.com

**Dated: 8/25/05**                                      **Richard W. Wieking, Clerk**


                                                        **By:_____DM_____**
                                                             **Chambers**

**United States District Court**
For the Northern District of California