United States District Court
For the Northern District of California

**\*E-FILED 9/28/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SONISTA, INC., <br><br>    Plaintiff, <br> v. <br><br> DAVID HSIEH, ET AL., <br><br>    Defendants. | NO. 5:04-cv-4080 RMW (RS) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM TO THE EXTENT IT SEEKS DEFENDANT'S TAX RETURNS** |

## I. INTRODUCTION

Defendant Pixa, Inc. ("Pixa") moves to quash a subpoena duces tecum served on Pixa's accountant, Tang and Lee, LLP ("Tang"), by plaintiff Sonista, Inc. ("Sonista") to the extent that it seeks Pixa's tax returns and related documents. The motion was fully briefed and heard by the Court on September 28, 2005.  Based on all papers filed to date, as well as on the oral argument of counsel, the motion to quash the subpoena to the extent that it seeks Pixa's tax returns and accountant work papers is granted, as explained below.

## II. BACKGROUND

Sonista alleges that defendants David Hsieh, Techpac, Inc. ("Techpac"), and Pixa (collectively, "defendants"), misappropriated its trademark, DVOne, in violation of the Lanham Act.  On July 29, 2005 Sonista served a subpoena duces tecum on Tang seeking all documents relating to Pixa. Pixa objects to the

subpoena to the extent that it seeks production of its tax returns and documents used to prepare them. Pixa argues that those documents are privileged and, absent a showing of relevance and a compelling need by Sonista, the documents should not be produced. It points out that Sonista has already requested, and Pixa has provided, copies of all of its financial statements, including balance sheets and income statements, from October 2003 through December 2004. Sonista responds that it needs the returns to establish claims in the case and for impeachment purposes.

### III.  STANDARDS

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas duces tecum for the production of documents with or without the taking of a deposition. Pursuant to Rule 45, the nonparty served with the subpoena duces tecum may make objections to the subpoena within 14 days after service. Fed.R.Civ.Pro. 45(c)(2)(B). "Only the witness can prevent disclosure by objection. The party to whom the subpoenaed records pertain cannot simply object. Rather, a protective order or motion to quash the subpoena is required." McCoy v. Southwest Airlines Company, Inc., 211 F.R.D. 381, 384 (C.D. Cal. 2002).

While tax returns are not absolutely privileged, Heathman v. District Court, 503 F.2d 1032 (9th Cir. 1974), in order for the tax laws to function properly, public policy discourages unnecessary public disclosure of tax returns. Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975). Accordingly, the party seeking production of tax returns must prove: (1) they are relevant to the action and (2) there is a compelling need for them because the information sought is not readily available from another source. Aliotti v. Senora, 217 F.R.D. 70 (N.D. Cal. 2003).

### IV.  DISCUSSION

Pixa, the party to whom the subpoenaed records pertain, moves to quash the subpoena duces tecum to the extent that it seeks Pixa's tax returns and related documents. Pixa correctly cites to controlling caselaw which holds that, in order for tax returns to be disclosed, the party seeking disclosure must prove they are relevant to the action and demonstrate a compelling need for them. The parties do not dispute that Pixa's tax returns are relevant here. Therefore, the only remaining issue is whether Sonista has established a compelling need for the returns and associated work papers.

Pixa contends that Sonista cannot establish a compelling need sufficient to warrant the disclosure of

the tax returns because Sonista already possesses all the financial information pertaining to Pixa's use of the trademark in question. Sonista states, however, it is entitled to review Pixa's tax returns "for additional information that cannot be gleaned from other documents already produced." (Opposition at p. 2). Specifically, Sonista claims it is entitled to know who signed Pixa's returns, in order to make certain arguments regarding corporate control and for impeachment of the individual defendants. Yet, even assuming such information would be useful for those stated purposes, courts have nonetheless been reluctant to grant disclosure of tax returns solely for impeachment. See Fed. R. Civ. Pro. 26(b), 1970 Amendment Advisory Committee Notes. Sonista's impeachment argument, in short, is an insufficient justification on which to require tax return disclosure.[1]

## V.  CONCLUSION

For the reasons stated, Pixa's motion to quash the subpoena duces tecum to the extent that it seeks Pixa's tax returns and related work papers is granted. The remainder of the subpoena, however, is not challenged. Therefore, should Tang be in possession of any other documents responsive to the subpoena, it must provide such materials to Sonista within twenty (20) days of the date of this order. IT IS SO ORDERED.

Dated: 9/28/05                                          /s/ Richard Seeborg
                                                        RICHARD SEEBORG
                                                        United States Magistrate Judge

---

[1] Moreover, as Pixa correctly notes, if discovering who signed the returns is of such importance, then Sonista presumably should have asked this question of Pixa's CEO, David Wu, during his deposition on September 7, 2005. Sonista did not do so.

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

David J. Brezner    brezner.david@dorsey.com, rodriguez.bertha@dorsey.com;scott.craig@dorsey.com;DocketingDept-SF@dorsey.com;stillwell.judith@dorsey.com

Peter Ehrlichman    Ehrlichman.Peter@dorsey.com, overlie.lynne@dorsey.com

Diane J. Mason    mason.diane@dorsey.com, rodriguez.bertha@dorsey.com;scott.craig@dorsey.com;stillwell.judith@dorsey.com;DocketingDept-SF@dorsey.com

John Franklin McIntyre , Jr    jmcintyre@popelka.com, ssmith@popelka.com

Brian C. Park    park.brian@dorsey.com, smith.lisa@dorsey.com

Jason Rhodes    rhodes.jason@dorsey.com, steele.jennifer@dorsey.com

Douglas F. Stewart    stewart.douglas@dorsey.com, smith.lisa@dorsey.com

**Dated: 9/28/05**                           **Chambers of Judge Richard Seeborg**

                                             **By:**    **/s/ BAK**

United States District Court
For the Northern District of California