**\*E-FILED 11//7/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SONISTA, INC.,

    Plaintiff,

v.

DAVID HSIEH, ET AL.,

    Defendants.

_____/

NO. 5:04-cv-4080 RMW (RS)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES**

## I. INTRODUCTION

Plaintiff Sonista, Inc. ("Sonista") moves to compel David Hsieh ("Hsieh"), Pixa, Inc. ("Pixa"), and Techpac, Inc. ("Techpac") (collectively, "defendants") to provide responses to Sonista's Interrogatory Nos. 11 through 25. The motion was fully briefed and submitted on the papers, pursuant to Civil L.R. 7-1(b). Based on all papers filed to date, the motion to compel responses to Sonista's Interrogatory Nos. 11 through 25 is denied since the Court finds that defendants have already answered 25 interrogatories, pursuant to Fed. R. Civ. Pro. 33(a).

## II. BACKGROUND

Sonista alleges that defendants misappropriated its trademark, DVOne, in violation of the Lanham Act. On March 31, 2005 Sonista served its first set of interrogatories, numbered 1-10, on defendants, with instructions that each defendant respond separately in writing. Defendants responded on May 6, 2005 without objecting to the number of interrogatories served. On June 29 and July 20, 2005, Sonista

propounded additional interrogatories on defendants to which defendants objected and refused to answer on the ground that Sonista had already exceeded the number of questions permitted by the Federal Rules of Civil Procedure.

### III. STANDARDS

Fed. R. Civ. Pro. 33(a) provides in pertinent part that "....any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts...." Cases often cited center around the same issue, namely, how to construe the term "discrete subparts." In, Kendall v. GES Exposition Services, Inc., 174 F.R.D 684 (D. Nev. 1997), the court, relying on an earlier decision in Ginn v. Gemini, Inc., 137 F.R.D. 320, 322 (D. Nev. 1991), construed the term to mean that "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question." Kendall, 174 F.R.D. at 685, quoting Ginn, 137 F.R.D.at 322. As the Kendall court further explained:

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

Kendall, 174 F.R.D. at 685.

### IV. DISCUSSION

The threshold argument set forth by Sonista, relying upon Allahverdi v. Regents of the Univ. of New Mexico, 228 F.R.D. 696 (D.N.M. 2005), is that defendants' failure to object to the number of interrogatories in the first set waived any objection they now assert. Allahverdi, however, concerns defendants who were served with one set of interrogatories and answered some but objected to others on the ground that the set exceeded the limit imposed by Fed. R. Civ. Pro. 33(a). The court found that by answering some and objecting to others, the defendants waived their right to object. Here, defendants argue that they answered the first set under the belief that Sonista would not propound further interrogatories and that they have properly and timely objected to the subsequent interrogatories.

Collaboration Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473 (N.D.Ca. 2004), supports defendant's position. In that case, as here, defendants answered the first set of interrogatories without objection. When the plaintiff propounded subsequent interrogatories, defendants refused to answer, and objected on the ground that plaintiff had exceeded the limit set by the court. While not explicitly discussing whether the objection was proper, the Court denied plaintiff's motion to compel. Likewise in this instance defendants did not waive their right to object to subsequent interrogatories simply by failing to object on the grounds of numerosity at the time they received the first set of interrogatories from Sonista.

Notwithstanding the waiver argument advanced by Sonista, the present dispute between the parties focuses on the proper method under Fed. R. Civ. Pro. 33(a) to quantify interrogatories. Sonista contends that it has only propounded ten interrogatories, and that even if those questions are counted against each defendant it has not exceeded the per party limit of 25 questions, as set forth in Fed. R. Civ. Pro. 33(a). In advancing that argument, Sonista relies on Kendall v. GES Exposition Services, Inc., 174 F.R.D 684 (D. Nev. 1997), in which the court held that subparts are to be counted as part of but one interrogatory where they are logically or factually subsumed within, and necessarily related to, the primary question. Defendants respond that the interrogatories, even though numbered 1-10, contain impermissible subparts and in reality ask well over 30 separate and distinct questions of each defendant, in violation of Fed. R. Civ. Pro. 33(a) and the decisions announced in Collaboration and Safeco of America v. Rawstron, 181 F.R.D 441. In each of those cases, the number of interrogatories was found to exceed the limit because a single question contained discrete subparts which should have been propounded as separate interrogatories.

As noted above, the term "discrete subparts" has been defined to mean that "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question." Kendall, 174 F.R.D. at 685, quoting Ginn, 137 F.R.D.at 322. As noted in Safeco, 181 F.R.D. at 445, although the Kendall formula falls short of a bright-line test, no court has since articulated a better approach for determining whether "discrete subparts" exist within a single interrogatory.

A.  Interrogatory Number One

In its first interrogatory, Sonista asks defendants to: "Identify and describe in detail the relationship,

3

organization, and structure of defendants--including their past and present partners, affiliates, owners, investors, officers, directors, shareholders, parents, subsidiaries, franchisees, and agents." Defendant Hsieh argues that this question actually asks 13 independent questions, while Pixa and Techpac argue that it contains 14 separate questions to each defendant for a total of 42 questions. Sonista contends that it simply asks one question with the core topic being a description of the defendants.

While defendants are correct that the interrogatory contains impermissible subparts, the application of Rule 33 suggests that interrogatory number one asks five distinct questions. The first, "Identify and describe in detail the relationship, organization, and structure of defendants." The remainder of the original interrogatory propounded by Sonista breaks down as follows: Identify and describe in detail defendants' past and present, 1) partners; 2) affiliates and owners; 3) investors, officers, directors and shareholders; and, 4) parents, subsidiaries, franchisees and agents. While interrogatory number one could be broken down further, this appears to be an appropriate grouping of the topics covered. Accordingly, interrogatory number one will be counted as five separate questions.

B. Interrogatory Number Two

Sonista's second interrogatory asks defendants: 'For each entity listed in defendants' answer to Interrogatory No. 1, describe in detail each entity's involvement and future plans in the original equipment manufacturing (OEM) and original design manufacturing (ODM) industries for consumer electronic products." Defendants argue that this question actually asks four independent questions; at least two about different corporations and two about actual involvement and future plans. Sonista, on the other hand, argues that this is just one question about defendants' consumer electronics business.

A review of the interrogatory supports defendants' conclusion that the interrogatory actually asks four distinct question as follows: For each entity listed in defendants' answer to Interrogatory No. 1 describe in detail each entity's: 1) involvement in the OEM industry; 2) future plans in the OEM industry; 3) involvement in the ODM industry; and, 4) future plans in the ODM industry. It would also be possible to break the question down as to Pixa and Techpac, thus totaling eight distinct questions, however, for purposes of the motion to compel, it is sufficient to count interrogatory number two as four distinct questions.

1   C.   Interrogatory Number Three

2   The third interrogatory asks defendants to: "Describe in detail every survey, investigation, search, opinion, or other inquiry conducted by or on behalf of defendants in connection with the DVOne trademarks or the consideration, selection, or registrability thereof, and identify every person with knowledge of each such investigation or inquiry." Defendants contend that this interrogatory contains at least two independent questions, while Sonista believes this is one question with the core topic concerning what defendants did in connection with selecting the DVOne trademark. The question appears to ask, however, about each survey, investigation, search, opinion or other inquiry conducted by or on behalf of defendants. A second separate question goes on to ask about persons with knowledge of each investigation or inquiry. Accordingly, the better interpretation of interrogatory number three is that it contains two distinct questions.

   D.   Interrogatory Number Four

   The fourth interrogatory asks defendants to: "Describe in detail each Defendant's knowledge or awareness of Sonista's property (or claim thereto), including ownership of the DVOne trademarks and any past or present Sonista property, documents, or things in the possession, custody, or control of any of the Defendants." The parties did not provide an analysis for this particular interrogatory, however, the interrogatory fairly reveals that it actually contains three distinct questions concerning 1) Hsieh's knowledge; 2) Pixa's knowledge; and, 3) Techpac's knowledge. Therefore, interrogatory number four will be counted as three separate questions.

   E.   Interrogatory Number Five

   The fifth interrogatory asks defendants to:

> Identify each person or entity known to Defendants who has adopted, used, registered, or applied to register any mark or domain name including the term DVOne or "Sonista" or any mark Defendants consider similar to the DVOne trademarks or "Sonista" and describe in detail the nature of the use, registration, or application, including the date, goods and services involved.

Defendant Hsieh argues that this interrogatory actually asks eight questions which can be divided into four groups as follows: 1) adopted or used the DVOne mark; 2) adopted or used the Sonista mark; 3) registered or applying to register DVOne; and, 4) registered or applying to register the Sonista mark. Pixa

**United States District Court**
For the Northern District of California

5

1  and Techpac believe that the question contains just two discrete subparts 1) as to the DVOne mark and 2)
2  as to the Sonista mark. Sonista contends that this is just one question with the core topic of defendants'
3  knowledge of others' use of plaintiff's trademarks.
4       A review of the fifth interrogatory reveals that it is actually four distinct questions: 1) identify each
5  person or entity known to defendants who has adopted, used, registered, or applied to register any mark or
6  domain name including the term DVOne; 2) describe the nature of the use, registration or application of the
7  DVOne mark; 3) identify each person or entity known to defendants who has adopted, used, registered, or
8  applied to register any mark or domain name including the term Sonista; and, 4) describe the nature of the
9  use, registration or application of the Sonista mark. As a result, it will be counted as four distinct questions.

10      F.    <u>Interrogatory Number Six</u>
11       The sixth interrogatory asks defendants to: "Describe in detail the complete factual basis for any
12  contention by Defendants that any trademark owned by Sonista cannot validly be asserted or enforced
13  against Defendants." The parties did not provide analysis for this question and therefore this interrogatory
14  will be counted as asking only one question.

15      G.    <u>Interrogatory Number Seven</u>
16       The seventh interrogatory asks defendants:

> For each year since any Defendant selected the DVOne trademarks, describe in detail the business each Defendant has done under the trademarks, including:
> a)  Defendant's manufactures and distributors of goods or services under the DVOne trademarks;
> b)  Defendant's monthly, yearly, and total sales in dollars and units;
> c)  the prices charged by Defendants for goods and services under the DVOne trademarks,
> d)  Defendants' total profits and/or losses since the date of first use to the present; and
> e)  Defendants' marketing and media expenditures associated with the DVOne trademarks.

23  Defendants argue that this question actually contains five independent subparts. In arriving at their
24  interpretation, defendants believe that subparts a-e ask about five separate and distinct pieces of
25  information. Sonista believes this is just one question about defendants' business under the DVOne
26  trademarks.
27       A review of the question reveals that some of the items listed in a-e can, in fact, logically be treated

28

6

as one interrogatory. The appropriate analysis would be to combine b, c, and d above in one question and leave a and e as separate, distinct questions. Accordingly, the seventh interrogatory will be counted as three distinct questions.

### H.     Interrogatory Number Eight

The eighth interrogatory asks defendants to: "Identify (by name, date, location, and contact information) each entity (whether a manufacturer, customer, client, contractor, or agent) with whom any defendant has had contact, placed orders, filled orders, marketed, sold, or otherwise transacted business using the DVOne trademarks for any good or services." Defendants argue that this is four separate questions broken down as to, 1) contact, 2) placed orders, 3) filled orders, and 4) marketed. Sonista responds that this is one question, asking with whom defendants have done business using the DVOne trademark.

While the question contains the words "contact", "placed orders", "filled orders" and "marketed", these are just different aspects of "doing business" that logically group together. Interrogatory No. 8, therefore, will be counted as one question.

### I.     Interrogatory Number Nine

The ninth interrogatory asks defendants to: "State the quantity and location of all product manufactured for sale under the DVOne trademarks and the quantity of all products bearing the DVOne trademarks." Defendants contend that this interrogatory contains two independent questions: 1) products manufactured under the DVOne trademarks and 2) products bearing the DVOne trademarks. To the extent that products manufactured under the DVOne trademarks and those bearing the DVOne trademarks are different, defendants correctly assess that the question asks about two distinct pieces of information. The second part of the question is not so subsumed within the first part that it should be counted as part of it. Nonetheless, the quantity of all products bearing the DVOne trademarks can stand alone as an independent question. Accordingly, Interrogatory number nine will count as two questions.

### J.     Interrogatory Number 10

The tenth interrogatory propounded in the first set, asks defendants to: "Identify any past or present Sonista employee who purchased product from Meiloon Industrial Company, Ltd, or any other Sonista

7

competitor, from Sonista's inception to present." Without analysis, defendants state that this question actually constitutes two independent interrogatories. Sonista contends that this is one question about which Sonista employees bought goods from Sonista competitors. The question, however, does not ask only about Sonista's competitors, but specifically asks about products from Meiloon Industrial Company, Ltd. Therefore, this question will count as two independent questions 1) as to products from Meiloon and 2) as to products from any other Sonista competitor.

## V.  CONCLUSION

In total, based on the foregoing, Interrogatory Nos. 1-10 actually ask 27 independent questions, which is over the per party limit of 25 set forth by Rule 33(a). Accordingly, as Sonista has met, and exceeded, the limit of interrogatories in its first set, defendants need not respond to any of the interrogatories in the subsequent sets.[1] As a result, Sonista's motion to compel further interrogatory responses is denied.

IT IS SO ORDERED.

Dated: 11/7/05

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

---

[1] Defendants' motion to strike, filed on October 17, 2005 is moot as the motion to compel is denied.

8

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

David J. Brezner     brezner.david@dorsey.com, rodriguez.bertha@dorsey.com;scott.craig@dorsey.com;DocketingDept-SF@dorsey.com;stillwell.judith@dorsey.com

Peter Ehrlichman     Ehrlichman.Peter@dorsey.com, overlie.lynne@dorsey.com

Diane J. Mason     mason.diane@dorsey.com, rodriguez.bertha@dorsey.com;scott.craig@dorsey.com;stillwell.judith@dorsey.com;DocketingDept-SF@dorsey.com

John Franklin McIntyre , Jr     jmcintyre@popelka.com, ssmith@popelka.com

Brian C. Park     park.brian@dorsey.com, smith.lisa@dorsey.com

Jason Rhodes     rhodes.jason@dorsey.com, steele.jennifer@dorsey.com

Douglas F. Stewart     stewart.douglas@dorsey.com, smith.lisa@dorsey.com

**Dated: 11/7/05**                                              **Chambers of Judge Richard Seeborg**

                                                                **By:**     **/s/ BAK**