DORSEY & WHITNEY LLP
Brian C. Park (Admitted *pro hac vice*)
Jason Rhodes (Admitted *pro hac vice*)
Douglas F. Stewart (Admitted *pro hac vice*)
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 903-8800

Attorneys for Plaintiff Sonista, Inc.

ROPERS MAJESKI KOHN & BENTLEY
Dean Pappas, SBN 115140
Todd Roberts, SBN 129722
1001 Marshall Street
Redwood City, CA 94063
Telephone: (650) 780-1628
Attorneys for Defendants Hsieh and Techpac, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

*E-FILED - 3/21/06*

| | |
|---|---|
| SONISTA, INC., a California corporation, | No. C-04-4080 RMW |
| Plaintiff, | The Honorable Ronald M. Whyte |
| v. | [PROPOSED] JOINT STIPULATED JUDGMENT REGARDING TRADEMARK VALIDITY, ENFORCEABILITY, OWNERSHIP, AND INJUNCTION |
| DAVID HSIEH, an individual, TECHPAC, INC., a California corporation, and PIXA, INC., a California corporation, | |
| Defendant. | |

Pursuant to the terms of a confidential Settlement Agreement and Release (incorporated herein by reference), Plaintiff Sonista, Inc. and Defendants David Hsieh and Techpac, Inc. hereby respectfully stipulate as follows. All trademarks subject to the Complaint filed in this action and referenced and defined in the confidential Settlement Agreement and Release, together with the goodwill associated therewith and symbolized thereby, are valid, enforceable, and owned exclusively by Sonista, Inc.

1

Plaintiff and defendants Hsieh and Techpac stipulate to rescission and cancellation, under the Eight, Ninth and Tenth Claims for Relief in the *Complaint*, of the *Trademark Purchase Agreement* dated October 8, 2003, the United States *Trademark Assignment* dated October 8, 2003, the Japanese *Trademark Assignment* dated August 4, 2003, and the *Trademark License* dated October 8, 2003, attached hereto as Exhibits 1-4.

Plaintiff Sonista, Inc. and Defendants Hsieh and Techpac further stipulate that the Court's December 17, 2004 *Preliminary Injunction* be permanent such that Defendants Hsieh and Techpac (as well as their officers, directors, agents, servants, employees, licensees, distributors, attorneys, affiliates, successors, assigns, and all persons or entities acting or attempting to act in concert or participation with any of them) are permanently enjoined from advertising, marketing, promoting, or using in any way Sonista's "DVONE" Trademarks (as defined in the *Complaint* and *Preliminary Injunction*) or any designation or variation similar to the "DVONE" Trademarks or likely to cause confusion or mistake regarding the "DVONE" Trademarks and renounce all rights thereto.

The parties hereby agree and stipulate to the foregoing by and through counsel and further agree that the Court retains jurisdiction over this case to enforce this Stipulation, the Permanent Injunction, and the Settlement Agreement between the parties.

Respectfully submitted,

DORSEY & WHITNEY LLP

Brian C. Park (Admitted *pro hac vice*)
Jason Rhodes (Admitted *pro hac vice*)
Douglas F. Stewart (Admitted *pro hac vice*)
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Attorneys for Plaintiff Sonista, Inc.

ROPERS MAJESKI KOHN & BENTLEY

Dean Pappas, SBN 115140
Todd Roberts, SBN 129722
1001 Marshall Street
Redwood City, CA 94063
Telephone: (650) 780-1628
Facsimile: (650) 780-1701

Attorneys for Defendants
Hsieh and Techpac, Inc.

## **O R D E R**

IT IS SO ORDERED this __17__ day of __March__, 2006.


                                        /s/ Ronald M. Whyte
                                  THE HONORABLE RONALD M. WHYTE
                                  United States District Judge

# EXHIBIT 1

## Trademark Purchase Agreement

This Agreement, made and effective this 6th day of October 2003 by and between Techpac, Inc., a California corporation, having a principal place of business at 664 Grapevine Drive, Pleasanton, CA 94566 ("Buyer"), and Sonista, Inc., a California corporation, having a principal place of business at 7020 Koll Center Parkway, Suite 138, Pleasanton, CA 94566 ("Seller").

Whereas, Seller adopted, owns and has used the Mark DVONE in connection with the marketing and sales of the goods set forth in Appendix A attached hereto ("the Mark");

Whereas, Buyer wishes to acquire Seller's rights to the Mark and the goodwill of Seller's business symbolized hereby and associated therewith; and

Whereas, Seller is willing to assign to Buyer its rights in and to the Mark, along with the goodwill of Seller's business symbolized hereby and associated therewith on the terms and conditions hereinafter provided;

Now, therefore, in consideration of the foregoing and the mutual promises hereinafter set forth, the parties agree as follows:

(1) Upon or promptly after execution of this Agreement by both parties, Seller shall deliver to Buyer:

    (a) an executed Trademark Assignment, in the form attached hereto as Appendix B, assigning to Buyer Seller's entire right, title, and interest in and to the Mark along with the goodwill of the business symbolized by the Mark, along with any application for or registration of the Mark;

    (b) all documentation, as described in paragraph 4, not previously delivered to Buyer, provided such documentation is reasonable accessible to Seller as such time; but Seller's obligation under paragraph 4 shall continue for the term of this Agreement with respect to existing documentation not delivered by Seller to Buyer prior to or at the time of the execution of this Agreement;

    (c) Seller's complete Application or Registration file(s), provided it has filed an application to register or owns a federal trademark Registration for the Mark, including at least one extra label, name plate, carton, brochure or other writing, or other specimen provided to the United State Patent and Trademark Office or to any Secretary of State in support of registration of the Mark for each of the goods named in the Application.

(2) Upon execution of this Agreement by both parties, Buyer shall deliver to Seller

the sum of One Thousand Dollars ($1,000) in full payment and consideration for this assignment and Seller's other deliveries and undertakings as herein provided.

(3) Seller hereby warrants as follows:

(a) Seller is the owner of the Mark as applied to the goods and services listed in Appendix A and has the right to enter into this Agreement and the attached assignment; Seller does not know of any prior use of the Mark or any third party claim of any prior use of the Mark or any confusingly similar mark on or in connection with the same or similar goods; and there are no challenges to Seller's ownership of the Mark or its right to assign the Mark and the associated goodwill to Buyer;

(b) Seller has not abandoned use of the Mark, and, directly or through its predecessor in interest or licensee(s), Seller has continuously used the Mark since its adoption in connection with the goods listed in Appendix A in interstate and/or commerce from a foreign country or, as indicated in Appendix A, in intrastate commerce;

(c) Seller has applied for registration of the Mark on the Principal Register in the United States Patent and Trademark Office for the goods substantially as set forth in Appendix A, Application Serial No. 76/387059, filed on March 25, 2002;

(d) Seller has not registered and has not pending application for registration of the Mark in any other country or state.

(4) To the extent heretofore not done, Seller agrees to furnish to Buyer promptly after the effective date of this Agreement written documentation substantiating Seller's above-mentioned warranties of use and ownership of the Mark. Such documentation shall include, without limitation thereto, materials showing Seller's or its predecessor in interest's first use of the Mark on or in connection with the goods listed in Appendix A; Seller's continuing use of the Mark up to and including the date of filing the applications. Such materials shall include, for example, invoices to customers, labels, name plates, cartons, and like materials bearing the Mark as used by Seller in its sales of goods, advertising, business literature and other materials showing the sale and offering of services under the Mark; media articles available to Seller and concerning Seller, its predecessor in title and their respective goods marketed and sold under the Mark; and other written materials such as brochures, stationary, business cards and the like showing use of the Mark by Seller and its predecessor in title.

(5) Sellers agrees to cooperate with and assist Buyer in Buyer's obtaining, enforcing and defending its rights in the Mark pursuant to this purchase agreement, including, without limitation, Buyer's protection of the Application and any new or modified applications to register the Mark in the United States Patent and Trademark Office or in any state for goods the same as or similar to those listed in Appendix A or those contained in the Application. Seller's actual and reasonable out-of-pocket expenses so

**TRADEMARK**
**REEL: 002855 FRAME: 0932**

DEF 00046

incurred at Buyer's request shall be reimbursed by Buyer promptly upon receipt of Seller's itemized invoices therefor.

(6) Buyer and Seller agree to that Seller will cease all use of the Mark on and from the date of execution of this Agreement.

(7) Except with the prior written authorization of Buyer, Seller shall not adopt or use any mark or name which is the same or confusingly similar to the Mark, or which tends to dilute its distinctiveness.

(8) This Agreement shall be effective as of the date first above written. Seller's obligation under paragraph 4 and 5 shall terminate one year after the date of Buyer's registration of the Mark in respect to all or part of the goods specified in the federal application therefor, or on the date of any final, unappealed or unappealable administrative agency or court decision upholding refusal of such registration by the United States Patent and Trademark Office.

(9) This Agreement represents the entire agreement of the parties, shall be governed by the laws of the state of California, and shall be binding upon the parties, their successors and assigns.

In witness whereof, the parties hereto have caused this instrument to be executed, in duplicate counterparts, by their duly authorized representatives as of the day and year first above written.

Sonista, Inc.

By: _____
David Hsieh
Chief Executive Officer

Date: Oct. 8, 2003

Techpac, Inc.

By: _____
Mei-Hui Lee
Chief Executive Officer

Date: Oct. 8, 2003

**TRADEMARK**
**REEL: 002855 FRAME: 0933**

DEF 00047

## Appendix A

### Goods Offered and Sold Under the Mark

| Description of Goods or Services | International Class | Application or Registration No. Covering |
|---|---|---|
| Consumer electronic products: DVD HtiB receiver, DVD player, CD player, audio amplifier, loud speaker, MP3 player, Internet radio, DAB radio and DVD-VCR combo player. | 009 | 76/387059 |

TRADEMARK
REEL: 002855 FRAME: 0934

DEF 00048

**Appendix B**

**Trademark Assignment Form**

TRADEMARK
REEL: 002855 FRAME: 0935

DEF 00049



## Trademark Assignment

WHEREAS, Sonista, Inc., a California corporation, with its principal place of business at 7020 Koll Center Parkway, Suite 138, Pleasanton, CA 94566 ("Assignor"), has adopted, owns and is using the Mark DVONE ("the Mark") in connection with the following goods: consumer electronic product comprising DVD HtiB receiver, DVD player, CD player, audio amplifier, loud speaker, MP3 player, Internet radio, DAB radio and DVD-VCR combo player; and

WHEREAS, Assignor has applied to register the Mark on the Principal Register of the United States Patent and Trademark Office in connection with the above-described goods, Application Serial No. 76/387059, filed on March 25, 2002; and

WHEREAS, Techpac, Inc., a California corporation, having a principal place of business at 664 Grapevine Drive, Pleasanton, CA 94566 ("Assignee"), desires to acquire the Mark, and the pending application;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiently of which is hereby acknowledged, Assignor hereby sells, assigns and transfers to Assignee all right, title and interest in and to the Mark, together with the goodwill of the business symbolized by the Mark, and the pending application for registration.

Sonista, Inc.

By: _____
David Hsieh
Chief Executive Officer

Dated effective as of _____

## ACKNOWLEDGMENT

State of California
County of Alameda

On _____, before me, _____, personally appeared David Hsieh, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____

RECORDED: 10/31/2003

**TRADEMARK**
**REEL: 002855 FRAME: 0936**

DEF 00050

# EXHIBIT 2

Trademark Assignment

WHEREAS, Sonista, Inc., a California corporation, with its principal place of business at 7020 Koll Center Parkway, Suite 138, Pleasanton, CA 94566 ("Assignor"), has adopted, owns and is using the Mark DVONE ("the Mark") in connection with the following goods: consumer electronic product comprising DVD HtiB receiver, DVD player, CD player, audio amplifier, loud speaker, MP3 player, Internet radio, DAB radio and DVD-VCR combo player; and

WHEREAS, Assignor has applied to register the Mark on the Principal Register of the United States Patent and Trademark Office in connection with the above-described goods, Application Serial No. 76/387059, filed on March 25, 2002; and

WHEREAS, Techpac, Inc., a California corporation, having a principal place of business at 664 Grapevine Drive, Pleasanton, CA 94566 ("Assignee"), desires to acquire the Mark, and the pending application;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiently of which is hereby acknowledged, Assignor hereby sells, assigns and transfers to Assignee all right, title and interest in and to the Mark, together with the goodwill of the business symbolized by the Mark, and the pending application for registration.

Sonista, Inc.

By: _____
David Hsieh
Chief Executive Officer

Dated effective as of Oct. 08, 2003

ACKNOWLEDGMENT

State of California
County of Alameda

On OCTOBER-08th, 2003 before me, RAJNIKANT R. PATEL, personally appeared David Hsieh, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____
NOTARY PUBLIC

RAJNIKANT R. PATEL
COMM. #1303797
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires May 7, 2005

**TRADEMARK**
**REEL: 002855 FRAME: 0930**

SONI 000150
CONFIDENTIAL

# EXHIBIT 3

2

# Conveyance

August 4 , 2003

Transferee:

664 Grapevine Dr. Pleasanton, CA 94566, USA

Techpac Inc.

Transferor:

7020 Koll Center Parkway, Suite 138 Pleasanton, CA 94566, USA

Sonista Inc.

Chief Executive Officer ___David Hsieh___

*Sign here*  [signature]

I am sure that transfer you rights deriving from a following Trademark Application.

Trademark Application No. 2002-57536

DEF 00044

# EXHIBIT 4

# TechPac Inc.

34 Grapevine Dr., Pleasanton, CA 94566, U.S.A.
Tel : (510) 386-3293

| | | | | |
|---|---|---|---|---|
| REF | : | 20031008001 | Date : | October 08, 2003 |
| TO | : | Pixa Inc. | | |
| ADD | : | 7020 Koll Center Parkway, Suite 138 | | |
| | | Pleasanton, CA 94566 | | |
| | | U.S.A. | | |
| TEL | : | 925-426-9100 | | |
| FAX | : | 925-426-8200 | | |

## QUOTATION

The DVONE license fee is calculated as below.

| per license | cost |
|---|---|
| 0 - 10,000 | $0.25 |
| 10,001 - 20,000 | $0.20 |
| over 20,000 | $0.10 |

Sincerely,

Techpac Inc.

_[signature]_

AUTHORIZED SIGNATURE

DEF 00001